Filed 2/16/16  Allen v. American Medical Response West CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| OPAL J. ALLEN et al., | C077087 |
| Plaintiffs and Appellants, | (Super. Ct. No. 39-2011-000269893-CU-PO-STK) |
| v. | |
| AMERICAN MEDICAL RESPONSE WEST et al., | |
| Defendants and Respondents. | |

Plaintiffs and appellants Opal J. Allen and Victor Allen, Sr. (collectively the Allens) sued defendants and respondents American Medical Response West (named as American Medical Response, Inc., and American Medical Response Ambulance Service, Inc.), County of San Joaquin, Joshua Moore, Robert Bolt, Jared Roberts, Richard N. Buys, M.D., Dan Burch, Douglas DeMartinez, M.D., and Nurse Pollock (collectively respondents) regarding the drowning death of their grandson and son, respectively, Victor

1

Allen, Jr. (the decedent). The Allens appeal from the summary judgment granted in favor of respondents. We will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal does not include a reporter's transcript. Accordingly, we treat this as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083 (*Allen*); *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) Nor do we have the benefit of an adequate summary of significant facts provided by counsel for appellants.[1] (Rule 8.204(a)(2).) Thus, we summarize the facts in the light most favorable to the judgment as follows.

The Allens alleged respondents were grossly negligent in their medical response to the drowning of the decedent, by failing to follow published policies and in allowing life-support measures to be terminated precipitously. The Allens also alleged the corporate respondents and the County of San Joaquin were liable for failing to properly train and supervise the other respondents and for vicarious liability based on the acts or omissions of the other respondents.

Respondents collectively moved for summary judgment, or in the alternative, for summary adjudication, contending respondents' care and treatment of the decedent met the standard of care and was provided in good faith; neither Burch nor Buys was in any way involved in the response or emergency aid rendered; no act or omission on the part of any respondent was a substantial factor in causing the decedent's death; as the gross negligence cause of action fails, so too must the causes of action for failure to properly train and supervise and for vicarious liability; and Opal J. Allen is not a proper plaintiff.

---

[1] We note respondents did at least provide a summary of facts, but as it contains no citation to the record, it is not particularly helpful to the court. (Cal. Rules of Court, rule 8.204(a)(1)(C); further rule references are to these rules.)

2

In support of their motion, respondents submitted expert declarations from a paramedic and an emergency department physician, who each opined that respondents acted within their respective standards of care in determining that no further resuscitative efforts were required and in obeying that directive from the physician as relayed by the nurse. Respondents also submitted the expert declaration of a neurologist who opined that, within a reasonable degree of medical probability, further resuscitative efforts would not have saved the decedent's life. The Allens opposed the motion by objecting to the evidence submitted by respondents and without producing any contradicting evidence.

The trial court overruled the Allens' evidentiary objections, other than objections to certain legal conclusions contained in the experts' declarations. The trial court also found that Opal J. Allen lacked standing to pursue the action against respondents because she was the decedent's grandmother and the decedent had a living parent—Victor Allen, Sr. (Code Civ. Proc, § 377.60; Prob. Code, § 6402, subd. (b).) The trial court concluded expert testimony was required to establish whether respondents fell below the standard of care because the effect of resuscitation efforts on a body with no pulse, no cardiac activity, and no respiration is not a process within common knowledge. As respondents submitted expert declarations establishing respondents did not violate the standard of care and that no action or inaction by respondents caused the decedent's death, and the Allens presented no conflicting expert evidence, the trial court held that summary adjudication was appropriate as to the Allens' gross negligence cause of action. And, as the Allens failed to show gross negligence or that respondents Burch or Buys were involved in the care or treatment rendered to the decedent, the trial court concluded the Allens did not establish vicarious liability or a failure to train and supervise as to any respondent. Accordingly, judgment was entered in favor of respondents.

**DISCUSSION**

Prior to addressing the Allens' contentions, it is helpful to set forth some rules regarding the scope of our review on appeal. The trial court's judgment is presumed to be correct. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) When, as here, an appeal is "on the judgment roll" (*Allen*, *supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Thus, our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; rule 8.163.)

Moreover, it is an appellant's burden to affirmatively show prejudicial error via an adequate record, factual analysis, and legal authority on each point made, with appropriate citations to the material facts in the record; otherwise, the point is forfeited. (Rule 8.204; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [where appellant fails to provide an adequate record we need not consider the merits of appellant's contentions]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656; *San Joaquin River Exchange Contractors Water Authority v. State Water Resources Control Bd.* (2010) 183 Cal.App.4th 1110, 1135 [argument forfeited for lack of separate heading]; *State ex rel. Dept. of Pesticide Regulation v. Pet Food Express* (2008) 165 Cal.App.4th 841, 855 [forfeiture due to failure to separately head argument and failure to support argument with legal and factual analysis].) Where an appellant fails to support claims of error with citation and authority, the reviewing court is not obligated to perform that function on the appellant's behalf. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Rather, we can deem the contention forfeited as lacking foundation. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407; see *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.) Additionally, where an appellant fails to present a point under a separate heading in its opening brief, the contention is forfeited. (Rule 8.204(a)(1)(B); *San Joaquin River Exchange, supra*, 183 Cal.App.4th at p. 1135.)

4

Here, the Allens have failed to meet their briefing burden because they have not complied with established requirements. Instead of providing us with a summary of significant facts, part III of the opening brief entitled "Statement of Facts" recounts few pertinent facts, rarely cites the record, does not summarize the evidence presented to the trial court, and instead challenges the admissibility of the expert declarations offered in support of the motions for summary judgment. Even if the evidentiary challenges were not forfeited for failure to separately head them, they would be forfeited because the Allens present no cogent factual or legal analysis explaining why it would be improper for the trial court to admit the declarations. Thus, to the extent the Allens are contending the trial court erred in admitting the expert declarations submitted by respondents in support of their motion for summary judgment, that contention is forfeited.

We next turn to the Allens' stated contentions, or at least the contentions we have culled from the nearly incoherent opening brief presented by counsel. As labeled, the Allens' first contention is that the trial court prejudicially abused its discretion by "failing to apply existing standards of performance to respondents' care for [the decedent]." The argument, however, appears to be that the trial court erred in determining that expert testimony was required to establish whether there was a violation of the standard of care amounting to gross negligence because respondents failed to adhere to an established policy regarding cold-water drowning and because their decision to cease resuscitative efforts amounts to an abandonment.

In support of the argument, the Allens cite *Czubinsky v. Doctors Hospital* (1983) 139 Cal.App.3d 361, 367, which holds that where the hospital failed to provide adequate staff to supervise a patient immediately after surgery, and that patient suffers permanent brain damage following cardiac surgery because there was inadequate staff to administer postoperative care, a jury could find the hospital negligent without the aid of expert testimony. There, during the critical period immediately following a patient's surgery,

5

both the operating surgeon and the circulating nurse left the operating room, leaving only the anesthesiologist and operating room technician to monitor the patient.  (*Id.* at p. 363.)  The patient suffered cardiac arrest, and the operating room technician left the room to obtain aid, leaving only the anesthesiologist to ineffectively administer cardiopulmonary resuscitation for multiple minutes.  (*Id.* at p. 366.)  Expert testimony demonstrated that the lack of staffing, which the court characterized as "a conceded abandonment," was a violation of the standard of care and also the proximate cause of the patient's injury, and the *Czubinsky* court held the same could have been demonstrated with lay testimony.  (*Id.* at p. 367.)  We find no fault with the reasoning of *Czubinsky*.  However, it is inapposite to the present case.

The present case does not involve a lack of staffing or monitoring.  Rather, it involves the sustained efforts of emergency personnel to resuscitate a young man pulled from a river with no pulse, no heartbeat, no respiration, and no lung sounds, who was unresponsive with fixed and dilated pupils.  The decedent had been under water for more than 30 minutes.  While resuscitative efforts were ongoing, emergency responders telephoned the hospital and ascertained from an emergency department physician, via an emergency department nurse, that under the circumstances resuscitative efforts should be terminated and time of death reported.  Though the Allens rely on a policy indicating that with cold-water drowning, the patient should be transferred to the emergency department for determination of death, in ceasing resuscitative efforts emergency responders relied on the hospital's directive that the policy did not apply because the water temperature was not cold enough.  The two cases are not analogous, such that the reasoning of *Czubinsky* does not apply here.

Further, though the Allens characterize the termination of resuscitative efforts as abandonment, they have not presented any cogent analysis or legal authority to suggest that under the circumstances of this case respondents abandoned their duties in advising

the cessation of resuscitative efforts or in adhering to such advice. Indeed, ample evidence was presented that respondents did not violate the standard of care, and also that no act or omission on the part of respondents was a proximate cause of the decedent's death. The Allens presented no conflicting evidence, expert or otherwise. On this record, respondents have shown the gross negligence cause of action has no merit, and the Allens have not shown a triable issue of material fact exists as to that cause of action. (Code Civ. Proc., § 437c, subds. (f)(1), (p)(1)-(2).)

The Allens also purport to argue that "the trial court prejudicially abused its discretion in [the] application of medical malpractice standards to respondents' abandonment" of the decedent. In support of this contention, appellants cite *Elam v. College Park Hospital* (1982) 132 Cal.App.3d 332, 346-347 for the proposition that expert testimony is not required to establish a hospital failed to adequately screen its medical staff. However, the Allens provide no factual or legal analysis explaining how this precedent applies to the present case. Instead, they state in conclusory fashion that "the County was directly responsible for [American Medical Response and Moore, Roberts and Bolt], which served as contractual agents for [the] County." Even if we could decipher how this "argument" relates to the point the Allens are apparently asserting, their failure to provide any cogent analysis renders the argument forfeited.

On the record before us, we conclude the trial court did not err in finding no triable issue of material fact existed with respect to the gross negligence cause of action, and that respondents were entitled to summary adjudication as to that cause of action. Moreover, to the extent the Allens challenge the trial court's finding as to the causes of action for vicarious liability and for failure to train and supervise, we conclude that because liability for those causes of action is premised on a showing of gross negligence, it was also proper for the trial court to grant summary adjudication in respondents' favor as to those causes of action.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to their costs on appeal.  (Rule 8.278(a)(1), (2).)

            BUTZ          , J.

We concur:

     DUARTE     , Acting P. J.

      HOCH       , J.